**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT CASCI
NATALIE CASCI**

    **VS**                                         **C.A. NO.:**

**J.P. MORGAN ALTERNATIVE LOAN
TRUST 2006-S4, MORTGAGE PASS-
THROUGH CERTIFICATES, ALIAS
PHH MORTGAGE CORPORATION,
AND JOHN DOE, ALIAS**

## COMPLAINT

Plaintiffs, by their attorney, complain of Defendants as follows:

1. Plaintiffs are residents of State of Rhode Island with an address of 24 Cedarwood Lane, Hopkinton, Rhode Island.  They own said real estate located at 24 Cedarwood Lane, Hopkinton, Rhode Island.

2. Plaintiffs executed a mortgage to PHH Mortgage Corporation, on September 27, 2006.   A copy is attached as Exhibit A.

3. Defendant, J.P. Morgan Alternative Loan Trust 2006-S4, Mortgage Pass-Through Certificates ("JPMorgan") claims to own Plaintiffs' mortgage.   There is no entity with this name.

4. PHH Mortgage Corporation is a limited liability company, organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage

5. Harmon Law Offices, PC ('Harmon") on September 21, 2017, without indicating the entity it represents, has scheduled a foreclosure sale for our home on November 16, 2017 at 11:00 AM, as indicated by Exhibit B.

6. Harmon and PHH and JPMorgan have not sent us a notice pursuant to the provisions of paragraph 22 of Plaintiffs' mortgage and have not accelerated the note. We have never been sent a default notice from the owner of the note or mortgage.

7. Before an acceleration of the loan was declared, the Lender was required to send Plaintiffs a notice to their home address which specified:

   a. the default;

   b. the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

   c. that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of Plaintiffs' home

   d. the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

8. Paragraph 22 of Plaintiffs' mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be**

**entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

9. The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

10. The February 17, 2017 purported default letter mailed to Plaintiffs' home was received by Plaintiffs on February 25, 2017 by certified mail, as indicated by Exhibit E, the records of the United States Postal Service.

11. This letter did not state a specific date to cure. Rather it stated that the Plaintiffs must cure on or before March 19, 2017, not a specific date.

12. Plaintiffs have not been mailed a notice of acceleration from the lender, the assignee or any entity acting on its behalf. Harmon Law Offices, PC mailed Plaintiffs' attorney what it referred to as a Notice of Acceleration on September 11, 2017. However this Notice was not mailed to Plaintiffs at their home address.

13. Paragraph 15 of Plaintiffs' mortgage requires that any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

14. Paragraph 15 of Plaintiffs' mortgage also requires that the Notice shall be the Property Address unless Borrower has designated a substitute notice address by notice to the lender.

15. Plaintiffs have never designated Plaintiffs' attorney's address for any mailings for purposes of Notices pursuant to the terms of Plaintiffs' mortgage.

16. All Plaintiffs' periodic monthly statement, including the October 2017 notice ("Exhibit C")were mailed to Plaintiffs' home.

17. The purported Notice of Default sent by Harmon Law dated February17, 2017 ("Exhibit D") was mailed to Plaintiffs' home address.

18. The purported Notice of Sale was mailed to Plaintiffs' home address.

19. Any alleged exercise of the statutory power of sale to Plaintiffs was defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage.

## COUNT I
## BREACH OF CONTRACT

20. Paragraphs 1- 19 are incorporated by reference.

21. Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiffs' property. This action constituted a breach of contract, resulting in damages to the Plaintiffs, who hired an attorney to commence this case.

22. Pursuant to Rhode Island Law and the terms of the mortgage and the Statutory Power of Sale can only be exercised if a mortgagee accelerates the mortgage after a proper default notice pursuant to the terms of the mortgage.

23. The failure of the Defendant to comply with the terms of the mortgage constitutes a breach of the contract.

24. Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property.

25. This action constituted a breach of contract, resulting in damages to the Plaintiffs, who have hired an attorney to remedy this breach of contract.

WHEREFORE, Plaintiffs demand the following relief:

    a. Damages against JPMorgan for failure to comply with the terms of the mortgage.

    b. Damages against JPMorgan for legal fees and damages arising from the breach of contract.

    c. Legal fees from JPMorgan pursuant to the provisions of R.I.G.L § 9-1-45.

    d. Damages for charges to their mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

    e. All other just and proper relief.

    ROBERT CASCI
    NATALIE CASCI

    By their Attorney

November 15, 2017

    /s/ John B. Ennis
    JOHN B. ENNIS, ESQ., #2135
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920
    (401) 943-9230
    jbelaw75@gmail.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

26. Paragraphs 1-25 are incorporated by reference.

27. The mortgage contract between Plaintiffs and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

28. The mortgage contract in paragraph 22 incorporates the Rhode Island Statutory Power of Sale.

29. The Statutory Power of Sale could only be invoked by sending Plaintiffs the following documents:

    a. A default letter pursuant to the term of the mortgage was required to be sent by the lender to the mortgagors at their home address

    b. A subsequent acceleration letter from the lender to the Plaintiffs at their home address was required to be sent after a default letter.

    c. A notice of sale from the lender

31. JP Morgan and PHH violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiffs pursuant to the term of the mortgage and a subsequent acceleration notice on behalf of the lender mailed to the Plaintiffs at their home address pursuant to the terms of the mortgage.

32. The failure to send a default letter and acceleration letter pursuant to the terms of the mortgage were actions taken contrary to the contractual and statutory obligations of the parties.

Case 1:17-cv-00527-WES-PAS   Document 1   Filed 11/15/17   Page 7 of 10 PageID #: 7

33. As a result, Plaintiffs have incurred the following damages:

    a. Plaintiffs have incurred the cost of filing this action in the form of filing fees and service fees, incurred in order to stop the foreclosure, which was in violation of the terms of the mortgage.

    b. Plaintiffs' mortgage loan account has been charged fees and costs which were not permitted without a valid default letter or acceleration having being sent to them at their home address.

    c. Plaintiffs have incurred damages for Plaintiff aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety. They have incurred stress with mail advising him that their home will be sold at a public auction.

    d. Plaintiffs have incurred attorney fees and costs to obtain an injunction to stop the illegal foreclosure.

    e. Plaintiffs have incurred attorney fees and costs for the prosecution of this action.

28. The conduct of JPMorgan and PHH was willful, wanton and reckless, warranting the imposition of punitive damages. They ignored the clearly stated terms of the mortgage but instead went forward and sought to exercise the statutory power of sale without a valid default notice and acceleration notice having been sent to the Plaintiffs at their home address.

WHEREFORE, Plaintiffs demand the following relief:

    a. Damages against JPMorgan and PHH for failure to comply with the terms of the mortgage.

    b. Damages against JPMorgan and PHH for legal fees and damages arising from the breach of contract.

    c.    Legal fees from JPMorgan and PHH.

    d.    Damages for charges to their mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice and a mediation notice

    e.    Damages for punitive damages

    f.    All other just and proper relief.

    ROBERT CASCI
    NATALIE CASCI

    By their Attorney

November 15, 2017

    /s/ John B. Ennis
    JOHN B. ENNIS, ESQ., #2135
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920
    (401) 943-9230
    jbelaw75@gmail.com

## COUNT III
## INJUNCTIVE RELIEF

29.    Paragraphs 1-28 are incorporated by reference.

30.    Plaintiffs will be irreparably harmed if the foreclosure sale on November 15, 2017 occurs and their home is sold.

31.    Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

32.     The failure of the Defendants to comply with paragraph 22 of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.  This demonstrates that Plaintiffs have a substantial likelihood of success.

33.      Likewise a foreclosure of Plaintiffs' property by a party not entitled to foreclose on the property will cause Plaintiffs irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants.

34.     Such relief sought by Plaintiffs will not disserve the public interest if imposed.

35.     This property is Plaintiffs' home, where they live.

35.     Plaintiffs will be irreparably harmed if the foreclosure sale on November 15, 2017 by JPMorgan proceeds and their home is sold.  Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

36.     The failure of the Defendant to comply with paragraph 22 of the mortgage renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.  This demonstrates that Plaintiffs have a substantial likelihood of success.  Likewise a foreclosure of Plaintiffs' property by a party not entitled to foreclose on the property will cause Plaintiffs irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.  Such relief sought by Plaintiffs will not disserve the public interest if imposed.

WHEREFORE, Plaintiffs demand that this Court:

a.     Grant a Temporary Restraining Order and Preliminary Injunction Restraining and Enjoining JPMorgan and any other entity, acting on their behalf, from conducting a foreclosure sale at 24 Cedarwood Lane,

Hopkinton, Rhode Island or continuing or advertising a foreclosure sale, pending a hearing on a Preliminary Injunction

      b. Preliminarily and Permanently Restrain and Enjoin JPMorgan and any other entity, acting on its behalf, from conducting a foreclosure sale at 24 Cedarwood Lane, Hopkinton, Rhode Island without sending the Plaintiffs a default notice and mediation notice as required by the terms of the mortgage.

      c.    Grant all other just and proper relief.

November 15, 2017                      ROBERT CASCI
                                          NATALIE CASCI
                                          By their Attorney

                                          /s/ John B. Ennis
                                          JOHN B. ENNIS, ESQ., #2135
                                          1200 Reservoir Avenue
                                          Cranston, Rhode Island 02920
                                          (401) 943-9230
                                          jbelaw75@gmail.com

Plaintiffs demand a Trial by Jury