UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT CASCI
NATALIE CASCI

    VS                                                      C.A. NO.:

J.P. MORGAN ALTERNATIVE LOAN
TRUST 2006-S4, MORTGAGE PASS-
THROUGH CERTIFICATES, ALIAS
PHH MORTGAGE CORPORATION,
AND JOHN DOE, ALIAS

## AFFIDAVIT IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

      We, Robert Casci and Natalie Casci, being duly sworn, state the following:

      1.    We are residents of State of Rhode Island with an address of 24 Cedarwood Lane, Hopkinton, Rhode Island. We own said real estate located at 24 Cedarwood Lane, Hopkinton, Rhode Island.

      2.    We executed a mortgage to PHH Mortgage Corporation, on September 27, 2006. A copy is attached as Exhibit A.

      3.    Defendant, J.P. Morgan Alternative Loan Trust 2006-S4, Mortgage Pass-Through Certificates ("JPMorgan") claims to own our mortgage. There is no entity with this name.

      4.    PHH Mortgage Corporation is a limited liability company, organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage

      5.    Harmon Law Offices, PC ('Harmon") on September 21, 2017, without indicating the entity it represents, has scheduled a foreclosure sale

for our home on November 16, 2017 at 11:00 AM, as indicated by Exhibit B.

      6.     Harmon and PHH and JPMorgan have not sent us a notice pursuant to the provisions of paragraph 22 of our mortgage and have not accelerated the note. We have never been sent a default notice from the owner of the note or mortgage.

      7.     Before an acceleration of the loan was declared, the Lender was required to send us a notice to our home address which specified:

      a.     the default;

      b.     the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

      c.     that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of our home

      d.     the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

      8.     Paragraph 22 of our mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without**

2

**further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

9. The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

10. The February 17, 2017 purported default letter ("Exhibit C") mailed to our home was received by us on February 25, 2017 by certified mail, as indicated by Exhibit D, the records of the United States Postal Service.

11. This letter did not state a specific date to cure. Rather it stated that the Plaintiffs must cure on or before March 19, 2017, not a specific date.

12. We have not been mailed a notice of acceleration from the lender, the assignee or any entity acting on its behalf. Harmon Law Offices, PC mailed our attorney what it referred to as a Notice of Acceleration on September 11, 2017. However this Notice ("Exhibit E") was not mailed to us at our home address.

13. Paragraph 15 of our mortgage requires that any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

14. Paragraph 15 of our mortgage also requires that the Notice shall be the Property Address unless Borrower has designated a substitute notice address by notice to the lender.

15. We have never designated our attorney's address for any mailings for purposes of Notices pursuant to the terms of our mortgage.

16. All our periodic monthly statement, including the November 2017 statement ("Exhibit F") and October statement ("Exhibit G-") were mailed to our home.

17. The purported Notice of Default sent by Harmon Law dated February 17, 2017 was mailed to our home address.

18. The purported Notice of Sale was mailed to our home address.

19. Any alleged exercise of the statutory power of sale to us was defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage.

20. We have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

21. The failure of the Defendant to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability to conduct this foreclosure.

22. We live in this property, as our principal residence.

23. These facts demonstrate that we have a substantial likelihood of success. Likewise a foreclosure of our property by a party not entitled to foreclose on the property will cause me irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

24. Such relief sought by us will not disserve the public interest if imposed.

24. We are requesting that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin JPMorgan, PHH and any other entity acting on their behalf from conducting or continuing or advertising a foreclosure sale on November 16, 2017 or at any other time until there has been compliance the terms of the mortgage.

_____
ROBERT CASCI

_____
NATALIE CASCI


STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn before me on the 15th day of November 16, 2017.

_____
NOTARY PUBLIC