**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT CASCI
NATALIE CASCI**

      VS.                              CA 2017-CV-527

**PHH MORTGAGE CORPORATION,
J.P. MORGAN ALTERNATIVE LOAN
TRUST 2006-S4, MORTGAGE PASS-
THROUGH CERTIFICATES, ALIAS**

            VS

**ROBERT CASCI
NATALIE CASCI**

## ANSWER TO COUNTERCLAIM

1.  Denied. There is no such entity as the named Plaintiff, J.P. Morgan Alternative Loan Trust 2006-S4, Mortgage Pass-Through Certificates. US Bank National Association is a trustee. The named purported trust does not exist under that name.

2.  Admit

3.  Admit

4.  Admit that the Defendant signed the Note and that it obligated the Defendant to PHH Mortgage Corporation. ("PHH").

5.  Admit that a mortgage was executed to Mortgage Electronic Registration Systems, Inc. as nominee for PHH. No mortgage was granted to PHH Mortgage Corporation.

6.  Admit that the note secured payments towards obligations. Denied as to any other allegations.

7.      Admit that Natalie Casci was delinquent on the note. Denied that she was ever declared in default.  Denied that Robert Casci owed an obligation under the note. Denied that the Defendants were,  prior to March 20, 2009, declared in default on the mortgage, which merely provides security for the obligation owed by Natalie Casci.

8.      Admit that PHH as servicer and Defendants executed a document referenced as a loan modification agreement.

9.       Admit that Natalie Casci was delinquent on the note. Denied that she was ever declared in default.  Denied that Robert Casci owed an obligation under the note. Denied that the Defendants were,  between March 20, 2009 and November  1, 2010, declared in default on the mortgage, which merely provides security for the obligation owed by Natalie Casci.

10.     Admit

11.     Denied that Robert Casci had any obligations under the Note.  Admit that Defendants sought a modification.

12.     Admit that PHH and Defendants executed a document referenced as a loan modification agreement.

13.     Admit

14.     Denied

15.     Denied as payments have been made on their account through payments made to the Federal Court Special Master

16.     Denied as payments have been made on their account through payments made to the Federal Court Special Master

17.     Denied

18.     Admit

19.     Admit that a Consent Order referenced as Exhibit A was entered. This Consent Order specifically stated:

The Debtors shall retain all rights to pursue any and all state law remedies.

20.     Denied. The Debtors had the right to pursue their remedies under state law pursuant to the Consent Order.

21.     Admit

22.     Denied

23.     Admit that the Special Master made a recommendation to remove the case from the Special Master docket.

24.     Admit

25.     Admit

26.     Admit that PHH, not US Bank, which was not the Trustee for a nonexistent named Trust, sought to foreclose. Denied as to the remainder.

27.     Admit that a sale was scheduled for November 1, 2016.

28.     Admit that a Superior Court case was filed due to the failure to send a valid default notice and due to the fact that Defendants were in the midst of loss mitigation, which prohibited dual tracking pursuant to 12 C.F.R. 1024.41. PHH scheduled the sale while the Defendants were appealing a loan modification denial. Denied as to the remainder.

29.     Admit that a case was filed in case number PC2016-5099. Denied as to Plaintiff's characterization of the complaint, which speaks for itself.

30.     Denied that the loan was accelerated. Admit that the Defendants did not have the funds to pay the amount in default. They were seeking a modification pursuant to the provisions of Regulation X, 12 CFR 1024.41, which went into effect on January 10, 2014. Denied as to the remainder.

31.     Denied that the loan was accelerated. Admit that the Defendants did not have the funds to pay the amount in default. They were seeking a modification pursuant to the provisions of Regulation X, 12 CFR 1024.41, which went into effect on January 10, 2014. Denied as to the remainder.

32. Admit that a Dismissal Stipulation without prejudice was entered on December 12, 2017 by Defendants, which was also entered into by Scott Owens attorney for Plaintiff.

33. Denied that valid default notices were sent to Defendants.

34. Denied as a default letter, which complied with the terms of the mortgage was not sent to the Defendants.

35. Admit that a document purporting to be an acceleration notice was mailed to the Defendants' attorney instead of to the Defendants. It was not mailed to Defendants as required by the terms of their mortgage.

36. Denied that Defendants' attorney was a designated recipient of mail to be sent to Defendants pursuant to the terms of the mortgage. Denied that the Notice was sent to the Defendants through their attorney.

37. Denied that Defendants' attorney was a designated recipient of mail to be sent to Defendants pursuant to the terms of the mortgage. The remainder of the allegation is a conclusion of law, which is not a factual allegation which requires an answer. Any communications between Defendants and their attorney are privileged. The remainder of the allegation is a conclusion of law, which is not a factual allegation which requires an answer.

38. Denied that the loan was accelerated, Admit that PHH again scheduled a foreclosure sale. Denied as to the remainder.

39. Admit that an action was filed. Denied as to the remainder.

40. Denied that the loan was accelerated. Admit that the Defendants did not have the funds to pay the amount in default. They were seeking a modification pursuant to the provisions of Regulation X, 12 CFR 1024.41, which went into effect on January 10, 2014. Denied as to the remainder.

41. Denied that the loan was accelerated. Admit that the Defendants did not have the funds to pay the amount in default. They were seeking a modification pursuant to the provisions of Regulation X, 12 CFR 1024.41, which went into effect on January 10, 2014. Denied as to the remainder.

42. Admit that a purported notice of acceleration was mailed to the Defendants at their property address.

43. The Defendants repeat the responses to the prior allegations.

44. Denied that a loan was given to Defendant Natalie Casci by US Bank or PHH as servicer.

45. Denied.

46. Admit that Natalie Casci is delinquent under the note. Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage. Denied as to the remainder.

47. Denied

48. Denied as to US Bank. Admit as to PHH as originator of the note. Denied that any money was extended by US Bank to Defendants.

49. Denied

50. Admit that payments have not been made on the mortgage. Denied as to the remainder. Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage.

51. Denied. Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage.

52. Admit that documents referenced as loan modifications were executed by PHH and Defendants. Denied as to the remainder.

53. Denied.

54. Admit that payments have not been made. Denied as to the remainder. Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage. Denied as to the remainder.

55. Denied. Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage.

56. Denied. PHH is not a named Counterclaim Plaintiff and is only the servicer. Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage.

57. Defendants repeat their prior responses to these allegations.

58. This allegation is a legal conclusion, which does not require an answer. Denied that US Bank is a party to this contract by virtue of the fact that it is not the trustee for the improperly named trust. Denied that PHH as servicer is a party to this contract. Admit that all contracts contain a covenant of good faith and dealing.

59. Denied as the contract speaks for itself.

60. Admit that the mortgage contains the statutory power of sale.

61. Denied that any modifications have been provided since 2011. Admit that Defendants are in arrears.

62. Admit that the Defendants cannot reinstate the loan without a modification.

63. Admit that the Defendants are delinquent in payments.

64. Admit that a modification was applied for by Defendants. Denied that they did not qualify pursuant to the modification sought pursuant to Regulation X, as no factual basis was provided for any denial of the modification.

65. Admit.

66. Denied

67. Admit that Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage.

68. Denied

69. Denied

70. Denied.

71. Denied. Requests for Information and Notices of Error were not sent to US Bank but were sent to the loan servicer, PHH, which is not a party to this Counterclaim. Denied as to the remainder.

72. Denied

73. Denied

### AFFIRMATIVE DEFENSES

Defendants have been discharged in Bankruptcy on June 5, 2012. A copy is attached as Exhibit B. Defendants are not subject to any monetary damages or personal liability on the mortgage or note due to their discharge in bankruptcy regarding any obligations arising from the note or the mortgage. This counterclaim seeks damages and is a breach of the discharge injunction.

Plaintiff's counterclaim fails to state a claim upon which relief may be granted.

The claim for damages by PHH Mortgage Corporation as servicer fails to state a claim upon which relief may be granted as that entity is loan servicer, which was not a party to the mortgage contract and thus was not a party which was a party which could incur damages due to any breach of the covenant of good faith and dealing.

The demand for relief in the counterclaim was by US Bank Trustee not on behalf of PHH Mortgage Corporations.

The demand for relief which requests that the Court dismiss Plaintiffs' complaint and claims for damages, attorneys' fees costs and any other relief be dismissed and denied fails to state a claim upon which relief may be granted since a Counterclaim cannot be filed as a dispositive motion regarding a complaint.

There is no trust with the name of J.P. Morgan Alternative Loan Trust 2006-S4, Mortgage Pass-Through Certificates. US Bank National Association is a trustee. However, the named purported trust does not exist under that name.

The terms of the mortgage, specifically paragraph 15 provide that all notices shall be mailed to the property address of the mortgagor, unless the mortgage designates a particular address for notices in writing to the loan servicer. No such designation was made by the Defendants which designated their attorney's address as the proper address for notices to be mailed.

All mortgage terms must be strictly complied with in order for exercise of the statutory power of sale.

Wherefore Defendants demand Judgment dismissing the counterclaim and granting them attorney fees and costs and all other just and proper relief.

The Consent Order of the Bankruptcy Court regarding the motion for relief from stay bound the Plaintiff and precluded it from bringing an action

against the Defendants for exercising their state law rights to bring actions arising from failure to comply with the terms of the mortgage.

The Plaintiffs lack standing to raise any issues regarding the allegations regarding Rule 1.4(a) of the Rules of Professional Conduct.
US Bank National Association is not the trustee for J.P. Morgan Alternative Loan Trust 2006-S4, Mortgage Pass-Through Certificates.

The defendants plead the affirmative defenses of estoppel, waiver and res judicata.

Wherefore Defendants demand Judgment plus attorney fees and costs and all other just and proper relief.

May 11, 2018                    ROBERT CASCI
                                NATALIE CASCI

                                By their attorney,

                                /s/ John B. Ennis
                                JOHN B. ENNIS, ESQ., #2135
                                1200 Reservoir Avenue
                                Cranston, Rhode Island 02920
                                (401) 943-9230
                                Jbelaw75@gmail.com

Defendants demand a Trial by Jury

CERTIFICATE OF SERVICE

I certify that I emailed a copy of this Answer on May 11, 2018 to the Attorney for the Defendants, Scott Owens.

/s/ John B. Ennis