**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ROBERT CASCI and NATALIE CASCI,**<br>    **Plaintiffs,**<br><br>v.<br><br>**J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-S4, MORTGAGE PASS-THROUGH CERTIFICATES, ALIAS PHH MORTGAGE CORPORATION, AND JOHN DOE, ALIAS**<br>    **Defendants.** | C.A. NO.: 17-cv-00527-WES-PAS |

**DEFENDANTS' STATEMENT OF CLAIMS PURSUANT TO L.R. CV. 16**

Defendants PHH Mortgage Corporation ("PHH") and J.P. Morgan Alternative Loan Trust ("J.P. Morgan") (collectively, the "Defendants"), by counsel, provide the following written statement pursuant to Local Rule Cv. 16 in anticipation of the initial scheduling conference noticed by the Court.

In this action, Defendants have asserted two counterclaims against Robert and Natalie Casci (collectively, the "Plaintiffs"):

1. Breach of Contract. Plaintiffs have materially breached one or more contracts with Defendants to Defendants' detriment.

    a. On September 27, 2005, Ms. Casci executed a Note in favor of PHH, promising, among other things, the repayment of $280,000.00. Ms. Casci breached the Note by failing to make her monthly periodic payments as required.

    b. On September 27, 2005, Plaintiffs executed a Mortgage in favor of MERS, pledging their property as collateral for the repayment of the

    Note, promising to maintain taxes and insurance on the property, and promising to maintain the property in good condition. Plaintiffs breached the Mortgage by failing to make the Note payments, by failing to maintain taxes and insurance on the property, and by failing to maintain the property in good condition.

  c. On March 20, 2009, Plaintiffs entered into a loan modification agreement with PHH. Plaintiffs breached the first loan modification agreement by failing to make periodic payments, failing to maintain taxes and insurance, and failing to maintain the property in good condition.

  d. On November 1, 2010, Plaintiffs entered into a second loan modification agreement with PHH. Plaintiffs breached the second loan modification agreement by failing to make periodic payments, failing to maintain taxes and insurance, and failing to maintain the property in good condition.

Although Plaintiffs have received a bankruptcy discharge from any personal obligations under the Note, Plaintiff's post-petition obligations to maintain taxes and insurance and to maintain the property in good condition survive that discharge. In order to protect their interest in the collateral and to maintain their first priority lien on the property, Defendants have had to front the costs of taxes and insurance that are Plaintiffs' obligation. Additionally, Plaintiffs' failure to maintain the collateral has resulted in a loss of value of the property that will reduce Defendants' recovery *in rem*.

2. Breach of covenant of good faith and fair dealing. Plaintiffs have breached the covenant of good faith and fair dealing inherent in every contract. Specifically, Plaintiffs entered into a contract that allowed Defendant to foreclose its lien on the property if Plaintiffs failed to perform by making periodic payments. Even after two modifications, Plaintiffs still failed in their obligations. Nevertheless, Plaintiffs have ignored the material purpose of the contract and have thwarted Defendants' enforcement of the lien with a series of de minimus challenges to the foreclosure process, even though Plaintiffs have no defense to non-payment and no willingness, ability or intent to cure their default to keep the property.

Respectfully submitted,
DEFENDANT,
**J.P. MORGAN ALTERNATIVE LOAN TRUST AND PHH MORTGAGE CORPORATION,**
By their Attorney,

 */s/ Scott C. Owens*
Scott C. Owens, Esq. #8831
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Direct dial: (617) 558-0738
Fax: (617) 243-4038
sowens@harmonlaw.com

Dated: June 11, 2018

## **CERTIFICATION**

    I, Scott C. Owens, hereby certify that on this 11th day of June, 2018, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

    /s/ *Scott C. Owens*
    Scott C. Owens, Esq.